IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-0677-WS |
| | ) | |
| GEORGE ALLUMS, JR., | ) | CRIMINAL NO. 97-0099-WS |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on petitioner's Amended/Corrected Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 2016).[1] The Motion has been briefed and is ripe for disposition at this time.[2]

**I.   Background.**

Petitioner George Allums, Jr. was one of 37 defendants charged in a 75-count superseding indictment issued in June 1997, alleging a massive cocaine, crack cocaine, and marijuana distribution network and conspiracy in Uniontown, Alabama. On October 7, 1997, a federal jury sitting in the Southern District of Alabama found petitioner guilty of five counts of violating federal narcotics laws. In particular, Allums was convicted of one count of conspiracy to possess with intent to distribute more than 150 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 1); one count of attempted possession and/or distribution of approximately 4 kilograms of cocaine, also in violation of § 846 (Count 11); and three counts of possession with

---

[1]   The Amended Petition came to be filed because the first iteration of this § 2255 submission was unsigned, in contravention of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings and Rule 11(a) of the Federal Rules of Civil Procedure. Upon being apprised of this threshold defect, petitioner promptly remedied it by submitting an amended § 2255 motion.

[2]   The Hon. Richard W. Vollmer, Jr. was the district judge who presided over petitioner's trial and thereafter imposed the challenged sentence. Judge Vollmer died on March 20, 2003. Consequently, this matter has been referred to the undersigned District Judge in accordance with Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court has reviewed all relevant portions of the record and has fully familiarized itself with the proceedings before Judge Vollmer.

intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Counts 56, 60, 62).  On August 19, 1998, Judge Vollmer sentenced Allums to a term of 240 months' imprisonment on each count of conviction, running concurrently, to be followed by a term of supervised release of five years, and a special assessment of $450.

Petitioner proceeded with a direct appeal of his sentence to the Eleventh Circuit Court of Appeals.  On March 25, 2002, the Eleventh Circuit issued a mandate affirming Allums' conviction and sentence without opinion.  Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Following the March 2002 affirmance by the Eleventh Circuit, there was no further activity in Allums' case for more than three years.  On November 17, 2005, Allums filed his § 2255 Petition.  By its terms, the Petition seeks postconviction relief on the following grounds: (1) ineffective assistance of trial counsel in failing adequately to argue an *Apprendi* issue; (2) statutory error under *United States v. Booker*, 543 U.S. 220 (2005); (3) applicability of *Booker* to Allums' circumstances as a new rule of constitutional law; (4) a characterization of the *Booker* sentencing error as structural; (5) unconstitutionality of the Antiterrorism and Effective Death Penalty Act, as applied to him; and (6) unconstitutionality of 21 U.S.C. § 841(b)(1)(A) and (B) by treating drug quantity and type as mere sentencing factors, instead of elements of the offense.

**II.     Analysis.**

Allums' § 2255 petition is precluded by the limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to AEDPA, a § 2255 motion must be filed within one year after the latest of (1) the date the judgment of conviction became final; (2) the date the impediment to filing the motion was removed, if the impediment was unconstitutional or unlawful government action preventing such filing; (3) the date the right asserted was initially recognized by the Supreme Court; or (4) the date on which facts supporting the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255.  "A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings."  *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002).

A conviction becomes final for AEDPA purposes "when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct.

1072, 155 L.Ed.2d 88 (2003).  Allums' conviction and sentence were affirmed by the Eleventh Circuit on March 25, 2002, and he never sought Supreme Court review of that determination.  As such, his conviction became final with the expiration of the deadline for filing a certiorari petition, or 90 days after entry of the judgment by the Eleventh Circuit. (*See* Rule 13(1), Supreme Court Rules.)  Because Allums' conviction became final in June 2002, his one-year AEDPA deadline for filing a § 2255 petition expired in June 2003.  Allums did not actually file his petition until November 2005, some 29 months later.  On the face of it, then, Allums' § 2255 petition is time-barred under AEDPA.

Allums' response to this analysis is neither to contend that he did file his § 2255 petition within one year after his conviction became final nor to identify any grounds under which equitable tolling might be warranted.  *See generally Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").  Instead, Allums counters with two distinct arguments.  First, he contends that AEDPA is unconstitutional, inasmuch as it "so severely restricts the right to seek relief under 28 U.S.C. § 2255 as to amount to a suspension of the writ of habeas corpus," by limiting Allums to a single collateral attack which must be mounted a scant one year after the conviction becomes final unless the Supreme Court elects to make a new constitutional rule retroactive to cases on collateral review.  (Petition, at 5-A; Brief, at 9-10.)  This type of broad-based attack on the constitutionality of AEDPA has consistently been rejected by the appellate courts.  *See, e.g., Johnson*, 340 F.3d at 1228 n.8 ("AEDPA limitations periods do not *per se* constitute a suspension of the writ."); *Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001) (finding that, in general, AEDPA's limitation period "does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus"); *Wyzykowski v. Department of Corrections*, 226 F.3d 1213 (11th Cir. 2000) (notwithstanding the Suspension Clause, "judgments about the proper scope of the writ are normally for Congress to make") (citations omitted).[3]  As the Eleventh

---

[3]     *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (one-year AEDPA deadline is not violative of Suspension Clause, because it leaves petitioners with

Circuit has explained, "substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Alexandre v. U.S. Attorney General*, 452 F.3d 1204, 1206 (11th Cir. 2006) (citation omitted).  Allums has failed to show that the collateral remedy authorized by AEDPA is inadequate or ineffective for him to test the legality of his confinement; therefore, his reliance on the Suspension Clause to evade the one-year AEDPA limitations period must fail.[4]

Second, Allums apparently would rely on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to argue that his § 2255 petition was filed within the requisite one-year period.  AEDPA's one-year deadline begins to run with the latest of several events, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255.  "*Booker* established two types of error in sentencing: (1) the constitutional error of using extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge and (2) the statutory error of applying the Guidelines in a mandatory fashion."  *United States v. Cain*, 433 F.3d 1345 (11th Cir. 2005).  The thrust of Allums' § 2255 petition is that his August 1998 sentence was infected by

---

reasonable opportunity to have federal claims heard, and does not render federal habeas relief inadequate or ineffective); *Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001) ("We therefore join several of our sister circuits in holding that the AEDPA's one-year limitation period does not, as a general matter, offend the Suspension Clause."); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (noting that petitioner bears burden of demonstrating that AEDPA renders habeas remedy inadequate and ineffective in order to show violation of Suspension Clause); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999) (rejecting constitutional challenge to AEDPA absent showing by petitioner that AEDPA limitations rendered his habeas remedy inadequate or ineffective).

[4] At most, Allums argues that the AEDPA remedy is inadequate and ineffective because of the limitation that new rules of constitutional law do not re-open the one year period unless the Supreme Court declares that such rules are retroactively applicable to cases on collateral review.  According to Allums, the practical effect of such a system is that a petitioner's right to collateral review is suspended while waiting for the Supreme Court to make a retroactivity assessment.  (Brief, at 10.)  But this argument is more an indictment of the Supreme Court's retroactivity jurisprudence than it is a symptom of the AEDPA remedy's inadequacy or ineffectiveness in Allums' case.

statutory *Booker* error because the sentencing judge construed the Guidelines as mandatory, rather than merely advisory. *Booker* was decided in January 2005, less than a year before Allums submitted his § 2255 petition. The problem for Allums is that *Booker* was also decided some two and a half years after his conviction became final. The law is unmistakably clear that *Booker* is not retroactively applicable to cases on collateral review. *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Collazo v. United States*, 2006 WL 1818582, *2 (11th Cir. July 5, 2006) (reaffirming that constitutional rules of *Blakely*, *Booker* and *Apprendi* do not apply retroactively to § 2255 cases on collateral review). As such, any attempt by Allums to use the recency of *Booker* to satisfy the 1-year AEDPA deadline must fail because that decision is not available to him.

In short, then, it is clear that Allums' § 2255 petition is time-barred because petitioner did not file it within one year after his judgment of conviction became final. The Supreme Court's *Booker* decision did not restart the AEDPA clock for Allums because *Booker* is not retroactively applicable to cases on collateral review. He has not argued actual innocence, and he has made no showing or allegation that might support application of equitable tolling. Because of this timeliness defect, Allums' § 2255 petition must be dismissed, and the Court does not reach the substance of his claims for relief (*e.g.*, whether petitioner's counsel rendered ineffective assistance at trial by not arguing *Apprendi* sufficiently, whether 21 U.S.C. § 841(b)(1) is constitutional).

**III.     Conclusion.**

For all of the foregoing reasons, petitioner George Allums, Jr.'s Amended/Corrected Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 2016) is **denied**. A separate judgment will enter.

DONE and ORDERED this 16th day of October, 2006.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE