IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                              ) | CIVIL NO. 05-0677-WS |
| ) | |
| GEORGE ALLUMS, JR.,                            ) | CRIMINAL NO. 97-0099-WS |
| ) | |
| Defendant.                                         ) | |

**ORDER**

This matter is before the Court on petitioner George Allums, Jr.'s Motion for an Order Granting Him Leave to Proceed on Appeal *In Forma Pauperis* (doc. 2062), as well as the Motion for Certificate of Appealability construed from his Notice of Appeal (doc. 2061).

**I.     Background.**

Allums' Amended/Corrected Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 2016) sought post-conviction relief on the following grounds: (1) ineffective assistance of trial counsel in failing adequately to argue an *Apprendi* issue; (2) statutory error under *United States v. Booker*, 543 U.S. 220 (2005); (3) applicability of *Booker* to Allums' circumstances as a new rule of constitutional law; (4) *Booker* error as structural error; (5) unconstitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as applied; and (6) unconstitutionality of 21 U.S.C. § 841(b)(1)(A) and (B) by treating drug quantity and type as sentencing factors rather than elements of the offense.

On October 16, 2006, the undersigned entered an Order (doc. 2053) denying the § 2255 Motion as being time-barred under AEDPA.  In particular, the October 16 Order observed that Allums' conviction and sentence had become final in June 2002, such that his one-year deadline for filing a § 2255 petition had expired in June 2003, yet Allums did not file his petition until November 2005, some 29 months after the expiration of the AEDPA deadline.  Allums has never identified any basis for equitable tolling, nor has he ever contended that he actually complied with the AEDPA filing restrictions.  Instead, Allums' position is that AEDPA is so constrictive that it amounts to an unconstitutional suspension of the writ of habeas corpus.  The October 16

Order rejected that argument is being unambiguously foreclosed by settled Eleventh Circuit precedent.  Additionally, Allums' apparent attempts to rely on his *Booker* claims to evade the AEDPA filing deadline were rejected by the October 16 Order, on the grounds that the law of this Circuit is unmistakably clear that *Booker* is not retroactively applicable to cases on collateral review.

Allums proceeded to file a Notice of Appeal on November 27, 2006 (which he contends he deposited for mailing in the internal mail system of the institution where he is incarcerated on November 6, 2006), along with a Motion requesting IFP status on appeal.  The former submission is devoid of any indication of the basis for Allums' appeal, while the latter reflects only that Allums "verily believes that the district court erred in denying him relief," without specifying any grounds for such belief.  (Doc. 2062, at ¶ 2.)

II.     **Motion for Certificate of Appealability.**

Allums' appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." *Id.*  Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a collateral proceeding attacking a federal conviction.  *Pagan v. United States*, 353 F.3d 1343, 1344-45 (11th Cir. 2003).  Indeed, "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."  *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004).  Although petitioner did not file a separate request for COA, the Eleventh Circuit has explained that "[d]istrict courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs."  *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); *see also United States v. Youngblood*, 116 F.3d 1113, 114-15 (5th Cir. 1997).  For that reason, the Court will construe Allums' Notice of Appeal as including an implicit request for issuance of a COA.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997).  This standard is "materially identical" to that

governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted). More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard). Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

The Court has carefully reviewed the October 16, 2006 Order in its entirety through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA. After doing so, it is the conclusion of this Court that reasonable jurists could not debate whether Allums' § 2255 petition should have been resolved in a different manner. Given the obvious fatal defects in the § 2255 motion, including specifically the AEDPA time bar and the inapplicability of *Booker*, it is pellucidly clear to the undersigned that Allums' asserted grounds for relief are wholly inadequate to deserve encouragement to proceed further. Accordingly, Allums' construed request for a COA is due to be, and the same hereby is, **denied**.

### III.   Application to Proceed on Appeal *In Forma Pauperis*.

The standard for a request to appeal *in forma pauperis* is distinct, and somewhat less

stringent, than the standard for issuance of a Certificate of Appealability.  "To proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous."  *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986).  A prisoner seeking *in forma pauperis* status must submit a financial affidavit regarding his prisoner account balance.  *See* 28 U.S.C. § 1915(a)(2) (prisoner who wishes to proceed without prepayment of fees must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal").  Although Allums' Application to Proceed without Prepayment of Fees and Affidavit (doc. 2063) is not submitted on this District Court's form application, and is lacking certain information that is necessary reasonably to assess Allums' economic eligibility, the Court will assume for purposes of this Order that Allums can satisfy the indigence threshold for *in forma pauperis* status on appeal.

Even with a finding of economic eligibility, however, a party may not appeal *in forma pauperis* if the district court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in good faith if it is plainly frivolous.  *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"); *United States v. Durham*, 130 F. Supp. 445 (D.D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact).

Upon review of the § 2255 petition and the October 16 Order, this Court determines that petitioner's appeal is devoid of even arguable merit, either in law or in fact.  His § 2255 petition was plainly untimely under AEDPA.  There are no credible grounds for challenging the constitutionality of the AEDPA limitations period.  And Allums' reliance on *Booker* is

misplaced because that ground for relief is not retroactively available to § 2255 petitioners. Therefore, the Court finds that Allums' appeal is frivolous, and that the instant appeal is not taken in good faith.  As such, he is not entitled to proceed on appeal without prepayment of fees, and his request to proceed on appeal without prepayment of fees and costs is **denied**.

**IV.   Conclusion.**

For the foregoing reasons, petitioner's Motion for Certificate of Appealability (construed from doc. 2061) and his Motion for an Order Granting Him Leave to Proceed on Appeal *In Forma Pauperis* (doc. 2062) are both **denied**.

DONE and ORDERED this 30th day of November, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE