IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 97-0099-WS |
| ) | |
| GEORGE ALLUMS, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's second Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 2222).

In October 1997, after a jury trial, defendant George Allums, Jr. was found guilty of one count of conspiracy to possess with intent to distribute more than 150 kilograms of cocaine, in violation of 21 U.S.C. § 846; one count of attempted possession and/or distribution of approximately 4 kilograms of cocaine, also in violation of § 846; and three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  On August 19, 1998, the late Judge Vollmer sentenced Allums to a term of 240 months' imprisonment on four counts of conviction, and 60 months on the fifth, with all of these terms to run concurrently.  In imposing sentence, Judge Vollmer made an express finding that Allums was responsible for 15 to 50 kilograms of cocaine powder, yielding a base offense level of 34.  Judge Vollmer also applied a three-level enhancement based on Allums' role as a manager or supervisor in the offense conduct.  Given the total offense level of 37 and Allums' criminal history category of II, Judge Vollmer computed the relevant guideline range at 235 to 293 months.

On May 26, 2009, this Court entered an Order (doc. 2202) denying Allums' first motion under 18 U.S.C. § 3582(c)(2).  In that motion, defendant sought modification of his sentence pursuant to Amendment 706, which lowered by two levels the base offense level associated with certain crack cocaine offenses.  The Court's May 26 Order concluded that Allums was ineligible for relief because he was sentenced "based on a judicial finding that he was involved with between 15 and 50 kilograms of cocaine powder," and Amendment 706 "did not alter the base offense levels for cocaine powder offenses."  (Doc. 2202, at 1.)

Allums now brings his second motion for relief under § 3582(c)(2), and again seeks modification of his sentence pursuant to Amendment 706.  In his largely-outdated and boilerplate motion, Allums asks the Court to reduce his sentence by two levels pursuant to Amendment 706, and to resentence him under an advisory guidelines scheme (rather than the pre-*Booker* mandatory guidelines system under which he was originally sentenced), taking into consideration Allums' post-sentencing conduct (which includes numerous certificates and commendations as well as an unblemished prison disciplinary record).  This new § 3582(c)(2) motion fails for the same fundamental reason that its predecessor did.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, --- F.3d ----, 2010 WL 610883, *4 (11th Cir. Feb. 23, 2010).  Indeed, a defendant is eligible for relief under § 3582(c)(2) only if he can show that the Sentencing Commission has retroactively amended the Sentencing Guidelines in a manner that lowers the sentence range applicable to him.  *See United States v. Jules*, 595 F.3d 1239, 1242 (11th Cir. 2010) ("When the Guidelines range pursuant to which a prisoner has been sentenced is subsequently lowered, a prisoner may move the district court to reduce his sentence in accordance with that modification under 18 U.S.C. § 3582(c)(2)."); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission."); *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Appellant's motion could fit under § 3582(c) only if he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment."); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)").  This avenue for relief is a "limited and narrow exception to the rule that final judgments are not to be modified." *Armstrong*, 347 F.3d at 909.

The glaring defect with Allums' second motion (as was equally true of his first motion) is that the guidelines range pursuant to which he was sentenced has not subsequently been lowered.  Although he invokes Amendment 706, that amendment applies only to certain crack cocaine offenses, not to powder cocaine offenses.  As this Court has previously pointed out, Allums was

not sentenced using the crack cocaine guidelines; rather, his guidelines range was computed at sentencing using a drug quantity finding for powder cocaine exclusively.  Therefore, he cannot avail himself of Amendment 706, and he is ineligible for § 3582(c)(2) relief.[1]

Simply put, "[t]he provisions of Amendment 706 would not result in a lower base offense level and guidelines range for [Allums].  It follows that [Allums] is not entitled to resentencing under § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 986 (11th Cir. 2008).  Accordingly, "[h]is arguments for the application of *Booker* and *Kimbrough* at resentencing are academic." *Id.*

For all of the foregoing reasons, Allums' second Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 2222) is **denied**.

**DONE** and **ORDERED** this 31st day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In his 14-page memorandum, Allums simply assumes that his base offense level and accompanying guidelines range were lowered by operation of Amendment 706, and wrongly suggests that this proposition is undisputed.  (*See* doc. 2222, at 1, 5.)  The record is quite clear that Allums was sentenced, and his guidelines range computed, using drug quantity findings for powder cocaine, not crack cocaine; therefore, Amendment 706 does not affect his sentencing range.  *See, e.g., United States v. Smith*, 2009 WL 3765523, *1 (11th Cir. Nov. 12, 2009) ("Amendment 706 reduced base offense levels for crack cocaine offenses," such that defendant sentenced for powder cocaine "is ineligible for a sentence reduction under § 3582(c)(2)"); *United States v. Smith*, 2009 WL 2137432, *2 (11th Cir. July 20, 2009) ("Smith was not entitled to a reduction in his sentence based on Amendment 706 because the district court calculated his guideline range based on powder cocaine and not crack cocaine."); *United States v. Burnside*, 2009 WL 383658, *1 (11th Cir. Feb. 18, 2009) ("Amendment 706 does not lower Burnside's sentence because his convictions involve powder cocaine and Amendment 706 applies only to crack cocaine convictions."); *United States v. Clarke*, 2010 WL 582642, *1 (3rd Cir. Feb. 19, 2010) ("Because Amendment 706 did not alter the Guidelines for powder cocaine, Clarke is plainly ineligible for a reduction in sentence on that basis."); *United States v. Johnson*, 569 F.3d 619, 625 (6th Cir. 2009) (because defendants' "sentences were calculated based only on the powder-cocaine offense levels, the district court correctly found that it was not authorized to reduce their sentences under § 3582(c)(2)"); *United States v. Samaniego*, 2009 WL 1532017, *1 (5th Cir. June 2, 2009) ("the district court was correct in its determination that he is not entitled to relief under Amendment 706 because he was convicted for a powder cocaine offense and not a crack cocaine offense").